**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PAMELA REDDEN, M.D.,** ) | **CASE NO.  1:09CV705** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **ALPHA KAPPA ALPHA SORORITY,** ) | |
| **INC., et al.,** ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #17) of Defendants to Dismiss.  For the following reasons, the Motion is granted as to all the individual Defendants; granted on the defamation, breach of fiduciary duty, and conspiracy claims; denied as to Defendant Alpha Kappa Alpha Sorority, Inc.; and denied on the due process, negligence, and breach of contract claims.

**I. FACTUAL BACKGROUND**

Plaintiff is a member of Alpha Kappa Alpha Sorority, Inc. ("AKA"), an organization incorporated as a nonprofit corporation in Washington D.C., with its principal headquarters located in Chicago, Illinois.  Defendant AKA has adopted a Constitution and By Laws

(Complaint Ex. A) and is also governed by rules set forth in its Manual of Standard Procedure (Complaint Ex. B).  In various communications from Defendant Schylbea J. Hopkins ("Hopkins") to Plaintiff, references are made to AKA's Anti-Hazing Handbook, "Say 'No' to Hazing" (Complaint Ex. C) and a "So You Want to Run for Office" book (Complaint Ex. D).

Defendant Hopkins is the Great Lakes Regional Director of AKA.  She is the official who controls all Chapter activities and members in the Great Lakes Region.  She is the official with the authority to suspend members upon the approval of the Board of Directors; and who first receives all appeals from suspensions.  Defendant Barbara A. McKinzie ("McKinzie") is the current President, known as the Supreme Basileus of AKA.  The other individually-named Defendants are members of the Board of Directors, known as the Directorate.

During the course of Plaintiff's 2006 campaign for the position of First Supreme Anti-Basileus, rumors regarding AKA financial matters, such as payouts of Sorority funds, self-dealing, and conflicts of interest, were circulating.  Plaintiff was among the members concerned with the unusual nature of the financial matters and she responded to individuals' concerns on these issues during the course of her campaign for national office.  Plaintiff contends that Defendant McKinzie and others viewed the legitimate discussion of these financial issues as a personal attack on Defendant McKinzie's integrity.  This allegedly prompted Defendant McKinzie to make an effort to stifle such discussions, including acts of retribution against Plaintiff because she was identifiably vocal.

On or about April 20, 2007, Defendant Hopkins and/or Defendant McKinzie, acting in their official capacities, initiated an investigation into operational matters concerning the Alpha Omega Chapter of AKA.  Plaintiff is a member of this Chapter.  Plaintiff contends this

investigation was prompted by Plaintiff's intent to run for office of First Vice President in 2010. The Great Lakes Heritage Committee issued a report concluding that Plaintiff had committed acts that constituted a violation of the Anti-Hazing Handbook. Thereafter, Defendant Hopkins withdrew Plaintiff's membership privileges and recommended Plaintiff's suspension.

Plaintiff alleges that the method of this investigation was arbitrary, capricious, and without merit. She further alleges that this investigation was conducted with the purpose of carrying out acts of retribution against her, and to provide opportunity for fabrication of evidence to sustain false charges that would result in suspension. Plaintiff alleges that Defendants acted to prevent her from raising the alarm about financial improprieties on the part of the National President and the Directorate and to preclude her from running for the highest elected office in 2010.

On or about September 4, 2007, Plaintiff was contacted by the Alpha Omega Chapter's president, Jacqueline Comeaux, with notice to appear for an interview on September 8, 2007. Plaintiff was not advised of the nature of the investigation. She was unable to attend this interview due to a previous speaking engagement. Plaintiff alerted Comeaux of this conflict on September 5, 2007. Plaintiff was not given an opportunity to reschedule her interview. Additionally, she was not provided notice of the critical nature of the request to appear nor of the proposed charges against her.

On October 14, 2007, Plaintiff first learned the results of the investigation at an Alpha Omega Chapter meeting attended by approximately one hundred members. During this meeting, Defendant Hopkins publicly announced that Plaintiff's membership privileges were withdrawn, pending a recommendation for a one year suspension based on charges of alleged financial

-3-

hazing. Plaintiff was also publicly accused of willfully failing to appear at a hearing to defend against the findings of the investigative team. Plaintiff received a written communication stating that her sorority privileges were withdrawn pending the approval of the Directorate. (Complaint Ex. E).

On or about October 25, 2007, Plaintiff submitted a request for reconsideration to Defendant Hopkins. She also provided documents to refute the allegation of financial hazing. On November 5, 2007, Plaintiff received a communication from Defendant Hopkins advising her that the Directorate had voted to suspend her for one year and requiring her to pay $9,500 in order to obtain reinstatement. (Complaint Ex. F). On or about December 5, 2007, Plaintiff timely initiated an appeal for reconsideration to Defendant Hopkins pursuant to the appropriate Bylaws and Manual of Standard Procedure. Defendant Hopkins declined Plaintiff's appeal in a communication dated December 29, 2007. Plaintiff initiated a further appeal to the Supreme Basileus, Defendant McKinzie, within the required sixty-day period pursuant to Article VI, Section 15(a) of the AKA Constitution and Bylaws. Plaintiff has not yet received a response to her appeal to the Supreme Basileus. Failing to get relief, Plaintiff initiated a further appeal to the AKA Directorate as provided by Article VI, Section 15(b) of the Constitution and Bylaws. Plaintiff has never received a response from this appeal.

In her Complaint, Plaintiff, Pamela Redden, alleges Defendants, AKA, *et al.*, did not comply with the requirements of due process which apply to proceedings for disciplining a member of a private association. Plaintiff further alleges breach of contract, defamation, breach of fiduciary duty, negligence, and conspiracy. Defendants filed a Motion to Dismiss and request the Court dismiss the Complaint with prejudice. Defendants contend that Ohio courts cannot

interfere with a private, voluntary association which governs its own members. Defendants further contend that the individual Defendants are shielded by the immunity afforded under Ohio Revised Code §1702.01(E) and that this Court does not have personal jurisdiction over the individual Defendants. Defendants argue that the Plaintiff cannot maintain a claim for defamation because any alleged defamatory statements were true; and AKA is entitled to qualified immunity.

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and is granted when "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 U.S. Dist. LEXIS 62208 (N. D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly,* U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

Quite recently, the United States Supreme Court rendered its decision in *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009). The Court, by Justice Kennedy, discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

-5-

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

### B. Dismissal of Individually Named Defendants

Defendants contend that the individually-named officers and members of AKA should be dismissed because they cannot be personally liable. *Ohio Revised Code* § 1702.55(A) provides: "The members, directors, and the officers of a corporation shall not be personally liable for any obligation of the corporation." Under *Ohio Revised Code* § 1702.01(B), a foreign corporation is a "corporation formed under the laws of another state." Plaintiff admits in her Complaint that AKA is a corporation (Complaint ¶ 4). Plaintiff does not allege that any of the individual Defendants acted except through the corporation.[1] As such, § 1702.55(A) applies, and the individual Defendants cannot be held personally liable in this action. Therefore, the Court dismisses the Complaint in its entirety against all of the individually named Defendants and declines to address Defendants' personal jurisdiction arguments.

### C. Breach of Fiduciary Duty Claim

Plaintiff alleges Defendant Hopkins and the investigative team under her jurisdiction, as

---

[1] Paragraph 9 of Plaintiff's Complaint reads: "Defendant Hopkins who has been advised of Plaintiff's intent to run for the office of First Vice President in 2010 and/or McKinzie in their official capacities as Corporate officers of Defendant sorority ... initiated an investigation into operational matters ..." This paragraph states that the individual Defendants were acting in their official capacities, and the remainder of the paragraphs in the Complaint fail to allege that any of the individually-named Defendants acted as a private individual.

well as Defendant Barbara McKinzie and the evaluation teams under her jurisdiction, breached a fiduciary duty owed to Plaintiff. Plaintiff alleges that these individual Defendant officers were acting in their official capacities. As previously noted, under § 1702.55(A), members, directors, and officers of a corporation cannot be held personally liable for any obligation of the corporation. Furthermore, "it is well accepted law that directors of a corporation occupy a fiduciary relationship to the corporation and it shareholders..." *Ohio Drill & Tool Co. v. Johnson*, 625 F.2d 738, 742 (6th Cir. 1980). Plaintiff fails to allege that she is a shareholder in her Complaint.

Even assuming Plaintiff is a shareholder, she lacks standing to bring a claim for breach of fiduciary duty as an individual shareholder. Shareholders are only indirectly affected by the breach. Therefore, shareholders must bring an action against officers on behalf of the corporation in the form of a derivative suit. *See Roderick v. Canton Hog Ranch Co.*, 46 Ohio App. 475 (1933). "A shareholder brings a derivative action on behalf of the corporation for injuries sustained by or wrongs done to the corporation, and a shareholder brings a direct action where the shareholder is injured in a way that is separate and distinct from the injury to the corporation." *HER, Inc. v. Parenteau*, 147 Ohio App.3d 285, 291 (2002) (citing *Boedeker v. Rogers*, 140 Ohio App.3d 11, 21(2000)). In her Complaint, Plaintiff has alleged injury to herself, not injury to the corporation. Therefore, this is not a derivative suit for breach of fiduciary duty. Defendants' Motion to Dismiss is granted with respect to the breach of fiduciary duty claim.

### D. Conspiracy Claim

Plaintiff alleges Defendants Hopkins and McKinzie, "in concert with others, acted to

...

deprive Plaintiff of her identity and reputation and to silence her and others who might have sought to address financial issues concerning Defendant McKinzie, especially at the Centennial Boule." (Complaint ¶ 67). Plaintiff contends that said acts constitute a conspiracy by Defendants to deprive Plaintiff of her rights to membership. In Ohio, a civil conspiracy "has been defined as a 'malicious combination of two or more person to injure another in person or property, in a way not competent for one alone, resulting in damages.'" *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419 (1995) (citing *Minarik v. Nagy*, 8 Ohio App.2d 194, 196 (1963)). Plaintiff does not allege that any of the individual Defendants engaged in acts of conspiracy except through the corporation. Therefore, § 1702.55(A) will again apply; and the individual Defendants cannot be held personally liable in this action. Since the individual Defendants have been dismissed, only the corporate Defendant, AKA, remains as a defendant party to the suit. A conspiracy requires two or more persons; consequently, the Court grants Defendants' Motion to Dismiss with respect to the conspiracy claim.

**E. Due Process Claim**

Plaintiff alleges that she was not afforded all of her rights to due process under Defendant AKA's Bylaws. Plaintiff contends that she was not provided reasonable notice concerning her hearing, which is referred to as an interview by AKA. On September 4, 2007, Plaintiff was provided with a notice to appear for an interview scheduled to take place on September 8, 2007. Plaintiff advised AKA that she had a prior speaking engagement scheduled that night and would be unable to attend. She argues a four-day notice of a hearing cannot be considered reasonable notice. Furthermore, Plaintiff states that she was never given notice of the charges filed against her, as required by the AKA Anti-Hazing Handbook. (*See* paragraph I of Chapter III, Ex. C at

8). Following Plaintiff's suspension, she initiated an appeal to the Supreme Basileus and received no response. Subsequently, Plaintiff initiated a further appeal to the AKA Directorate as provided by Article VI, Section 15(b) of the Constitution and Bylaws and the Manual of Standard Procedure. The Bylaws and Rules entitle Plaintiff to a hearing at the next regularly scheduled meeting of the Directorate, with thirty days' notice. Plaintiff has not been afforded this hearing. Plaintiff contends the AKA Constitution and Bylaws have been violated because she has been denied a timely response to her appeals.

As a general rule, Ohio courts are unwilling to interfere with the management and internal affairs of a voluntary association. "When a person goes into a voluntary association in whose bylaws there is a provision for trial of the grievances of members, he thereby assents and contracts that his rights may be disposed of in that way and that he will abide by its decisions." *Powell v. Ashtabula Yacht Club*, No. 953, 1978 WL 216074 (11th Dist. Ct. App. 1978) (citing *Pope v. Knights of Golden Rule*, 9 Ohio Dec. Repr. 1 (1883)). However, the court in *Powell* notes there is an exception to this general rule when "there has been some palpable violation of the constitution or laws of the corporation whereby he has been deprived of valuable rights." *Powell*, 1978 WL 216074 at *4.

Due process within a private organization involves: "1) the absence of bad faith; 2) compliance with the organization's constitution and bylaws; and 3) natural justice." *Kitchen v. Lake Lorelei Prop. Owners' Ass'n*, Nos. CA2001-10-016, CA2001-10-018, 2002 WL 1274256 at *3 (12th Dist. Ct. App. 2002) (citing *Normali v. C.A.L.U.*, 39 Ohio App.2d 25, 29 (1978)). Courts in Ohio have defined the term "natural justice" to mean reasonable notice and a hearing with the opportunity to be heard. *See Bay v. Anderson Hills, Inc.*, 19 Ohio App.3d 136 (1984).

Plaintiff's Complaint alleges facts indicating she was not provided reasonable notice nor a hearing with the opportunity to be heard.  Additionally, Plaintiff alleges Defendant AKA failed to comply with its Constitution and Bylaws when it failed to provide Plaintiff with notice of the charges filed against her and failed to respond to Plaintiff's appeals to the Supreme Basileus and the Directorate.

Ultimately, Plaintiff was suspended for one year and fined $9,500 as a condition of reinstatement.  "... [A] private organization, particularly if tinged with public stature or purpose, may not expel or discipline a member adversely affecting substantial property, contract or economic rights, except as a result of fair proceedings which may be provided in organization bylaws, carried forward in an atmosphere of good faith and fair play."  *Normali*, 39 Ohio App.2d at 28 (*citing McCune v. Wilson*, 237 So.2d 169 (Fla. 1970)).  Imposing a fine of $9,500 on Plaintiff, without providing a fair proceeding as outlined in Defendant's Constitution and Bylaws, substantially affects Plaintiff's economic rights.  Therefore, the Court denies Defendants' Motion to Dismiss with regard to Plaintiff's due process claim.

### F. Defamation Claim

Under Ohio law, a defamation claim has five essential elements.  "First, there must be the assertion of a false statement of fact; second, that the false statement was defamatory; third, that the false defamatory statement was published by defendants; fourth, that the publication was the proximate cause of the injury to the plaintiff; and fifth, that the defendants acted with the requisite degree of fault."  *Celebrezze v. Dayton Newspapers, Inc.*, 41 Ohio App.3d 343, 347 (1988).  Plaintiff alleges Defendant AKA defamed her when it made a public announcement of her suspension.  Plaintiff states that this announcement was defamatory because Defendant stated

that Plaintiff "failed to appear for a hearing concerning charges against her as no charges have ever been presented to her in advance of her suspension." (Complaint ¶ 46). Plaintiff also alleges that her suspension was published at the Centennial convention. (Complaint ¶ 49). This alleged statement is not defamatory if it is true, because truth is an absolute defense to defamation. *Krems v. Univ. Hosp. of Cleveland*, 133 Ohio App.3d 6, 12 (1999).

Plaintiff admits in her Complaint that she was asked to appear at an interview, also referred to as a hearing within AKA; and she did not attend the interview because she had a scheduling conflict. (Complaint ¶ 11). Although the court may take issue with the reasonableness of the notice prior to the hearing, Plaintiff did, in fact, fail to attend the hearing; and consequently, this statement is true and cannot be defamatory. Exhibits E and F of the Complaint demonstrate that Plaintiff was suspended and required to repay money to AKA. Therefore, the announcement of Plaintiff's suspension and fine is not an actionable defamatory statement because it is true. The Court grants Defendants' Motion to Dismiss with respect to Plaintiff's defamation claim.

### G. Breach of Contract and Negligence Claims

Defendants have not sought dismissal of Plaintiff's negligence or breach of contract claims. Therefore, these claims will remain for further adjudication.

### III. CONCLUSION

Upon consideration of the Plaintiff's Complaint, the parties' briefs, and the relevant and applicable law, the Court grants Defendants' Motion (ECF DKT #17) to Dismiss as to all the

individual Defendants, and as to Plaintiff's defamation, breach of fiduciary duty, and conspiracy claims; and denies Defendants' Motion as to Defendant Alpha Kappa Alpha Sorority, Inc., and as to Plaintiff's due process, negligence, and breach of contract claims.

**IT IS SO ORDERED.**

**DATE: _January 6, 2010_____**

                                      **s/Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**